IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIGHTY MARCELL KELLEY                                                    PLAINTIFF

V.                                    NO. 13-5259

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brighty Marcell Kelley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 18, 2011, alleging an inability to work since January 1, 2010, due to panic attack disorder, personality disorder, irritable bowel syndrome (IBS), heart problem, degenerative disk disease (DDD), and PTSD (post traumatic stress disorder). (Tr. 127-128, 134-140, 178, 190). An administrative hearing was held on April 5, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 40-60).

By written decision dated September 5, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - back disorder and mood disorder.

(Tr. 24). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb, balance, kneel, stoop, crouch and crawl. The claimant can understand, remember and carry out simple, routine and repetitive instructions. She can respond to the usual work situations and ordinary work changes. She can occasionally interact with supervisors and co-workers and have no contact with the general public.

(Tr. 26). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as compression molding machine tender, leather riveting machine operator, bottling line attendant, and cannery worker. (Tr. 33-34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 30, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 19, 20).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from

doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff presents the following issues on appeal: 1) Whether the ALJ erred in failing to consider all of the Plaintiff's impairments in combination; 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; and 4) Whether the ALJ erred in disregarding the opinions and findings of a primary treating physician.

### A.     Consideration of Impairments in Combination:

Plaintiff argues that the ALJ disregarded her testimony regarding depression, anxiety, panic attacks, difficulty sleeping, fatigue, difficulty with memory and concentration, suicidal ideations, obesity, fibromyalgia, cervicalgia, cardiac dysrhythmia and palpitations, GERD, IBS, and panic disorder with agoraphobia.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 23). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 23). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or

medically equals the criteria of an impairment listed in the relevant listings. (Tr. 23). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 24). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence that the ALJ considered all of Plaintiff's impairments in combination.

### B. Credibility Analysis:

Plaintiff argues that the medical evidence of record clearly establishes Plaintiff's subjective allegations of pain, and that the ALJ determined that she suffered from a back disorder, yet neglected to properly consider the level of pain associated with this debilitating condition. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 30). The ALJ noted that Plaintiff had mild restriction in activities of daily living. (Tr. 25). He reported that Plaintiff lived in a house with her family, picked up the house when she could and took her son to his events if necessary. (Tr. 25). She also cared for her pets, and the ALJ recognized that Plaintiff needed reminders to tend to her personal needs and prepared simple meals. (Tr. 25). Her son and father helped her with inside chores and she could drive a car and shop in stores for food, clothes and shoes. (Tr. 25). In her undated Function Report - Adult, Plaintiff reported that she cleaned, did laundry for the family, took care of her teenage sons, transported them places, and cooked simple meals. (Tr. 198). She also reported she fed, watered, and loved the pets, with help from her father and sons. (Tr. 199). She reported that she went outside daily and shopped for groceries several times a week. (Tr. 201). Plaintiff reported to Ozark Guidance Center staff psychiatrist, Dr. Maria Melo, on January 27, 2012, that she exercised regularly. (Tr. 761). The ALJ also stated that he considered Plaintiff's subjective complaints of pain, the objective medical evidence, and the other factors set forth in <u>Polaski</u>. (Tr. 33). The ALJ noted that Plaintiff's daily activities were not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. (Tr. 30). The ALJ also found that the record revealed that treatment had been generally successful in controlling Plaintiff's symptoms. (Tr. 30).

The Court finds that based upon the record as a whole, there is substantial evidence to support the ALJ's credibility findings.

-6-

**AO72A**
**(Rev. 8/82)**

**C.     RFC Determination and Weight Given Treating Physician's Opinion:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ found that Plaintiff retained the RFC to perform light work with certain limitations. (Tr. 26). He discussed Plaintiff's medical records from Ozark Guidance Center as well as the records of Plaintiff's treating physicians, Dr. Ronald Bertram and Dr. Robert Wilson. The ALJ further discussed the results of the MRI's of Plaintiff's cervical spine and lumbar spine. (Tr. 28). During the relevant time period, Plaintiff saw various providers at Ozark Guidance Center, with the primary staff psychiatrist being Dr. Melo. Plaintiff began seeing Dr. Melo on February 5, 2010 (Tr. 568), and diagnosed Plaintiff as follows:

> Axis I:    Panic Disorder, with Agoraphobia
> Dysthymia
> Major Depressive Disorder, Consider Recurrent, Mild to Moderate

AO72A
(Rev. 8/82)

>           Axis II:       Deferred. Consider Avoidant Personality Traits
>           Axis III:      Fibromyalgia. Irregular heartbeat
>           Axis IV:       Occupation, interpersonal
>           Axis V:        GAF 58

(Tr. 570).

On August 26, 2010, a record from Dr. Robert B. Wilson, Jr. indicates that Plaintiff was needing a referral for a rheumatologist for her fibromyalgia. (Tr. 418). However, there is no indication that Plaintiff ever saw a rheumatologist. It was also reported that Plaintiff had a normal colonoscopy. (Tr. 419).

On April 26, 2011, non-examining consultant, Christal Janssen, Ph.D. , completed a Mental RFC Assessment form. (Tr. 691-693). Dr. Janssen found that Plaintiff was moderately limited in nine categories and not significantly limited in eleven categories. (Tr. 691). Dr. Janssen also reported that Plaintiff's activities of daily living indicated some problems with pain, mood and social withdrawal, but that Plaintiff cared for her kids, managed self care and medications, cooked, did chores, drove, shopped, managed finances, and spent time with her family. Dr. Janssen concluded that Plaintiff appeared to be able to perform simple/repetitive work with incidental interpersonal contact and direct/concrete supervision (Unskilled). (Tr. 693). Dr. Janssen also completed a Psychiatric Review Technique form on April 26, 2011, and concluded that Plaintiff had a mild degree of limitation in restriction of activities of daily living and a moderate degree of limitation in difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, and had no episodes of decompensation, each of extended duration. (Tr. 702-707).

On May 23, 2011, a Physical RFC Assessment form was completed by non-examining consultant, Dr. Bill F. Payne. (Tr. 711-718). Dr. Payne found that Plaintiff was capable of

performing medium work. (Tr. 712).

On July 26, 2011, Dr. Sharon Keith affirmed Dr. Payne's assessment and on July 28, 2011, Jerry R. Henderson, Ph.D., affirmed Dr. Janssen's assessment. (Tr. 728).

On October 17, 2011, Dr. Melo noted that Plaintiff had some ups and down, and that her depression was better, but Plaintiff was forgetting to take her evening dose of Paxil. (Tr. 763).

By letter dated April 23, 2012 to the Social Security Administration, Dr. Melo stated that Plaintiff's symptoms were controlled in part by the medications, but that her functioning had not risen above the described level. (Tr. 818). Dr. Melo reported that Plaintiff's depression colored all aspects of her life and was present every day, all day. (Tr. 818). Dr. Melo also noted that Plaintiff also experienced anxiety and panic daily, which were "incredibly disabling." (Tr. 819). She stated that in her opinion the functional limitations imposed by Plaintiff's mental illnesses were incompatible to work and that failure to adapt to the stressful circumstances of a work setting would certainly cause her condition to deteriorate and exacerbate all of her symptoms. (Tr. 819).

One month later, on May 23, 2012, Terry L. Efird, Ph.D., performed a Mental Diagnostic Evaluation. (Tr. 821-824). Dr. Efird diagnosed Plaintiff as follows:

> Axis I:    panic disorder, with agoraphobia; major depressive disorder, moderate
> Axis II:   borderline personality disorder
> Axis V:    55-65

(Tr. 823). Dr. Efird reported that Plaintiff's current medications were described as having been beneficial and that no obstacles to treatment were reported. (Tr. 822). Dr. Efird also reported that the ability to perform basic self-care tasks independently was endorsed, and the ability to perform household chores adequately was described as impaired to some extent by struggling

with motivation. (Tr. 822). Plaintiff estimated the use of alcohol was estimated at a six pack of beer every other weekend. (Tr. 822). Dr. Efird concluded that Plaintiff endorsed the ability to drive unfamiliar routes; shop independently; handle personal finances adequately; and perform most activities of daily living adequately. (Tr. 824). Dr. Efird also concluded that Plaintiff communicated and interacted in a reasonably socially adequate manner and in a reasonably intelligible and effective manner, had the capacity to perform basic cognitive tasks required for basic work like activities, and was able to track and respond adequately for the purposes of the evaluation; could generally complete most tasks during the evaluation; and completed most tasks within an adequate time frame and appeared to be capable of performing basic work like tasks within a reasonable time frame. (Tr. 824).

Subsequent to the ALJ's decision, Dana Ilie-Stout, LCSW, at Ozark Guidance, updated Plaintiff's Disability and Treatment by letter dated September 26, 2012, and stated that Plaintiff would be unable to hold any meaningful employment as a result, and recommend that she be awarded SSI. (Tr. 255). Ms. Ilie-Stout also completed a Medical Assessment of Ability to do Work-Related Activities (Mental) on September 26, 2012. (Tr. 256-258).

In his decision, the ALJ considered the opinion of Dr. Efird and found it to be supported by the objective medical evidence of record and his examination of the Plaintiff. (Tr. 31). The ALJ also considered and discussed Dr. Melo's opinion, and found it to be more limiting than the objective medical evidence of record would support. (Tr. 31). He explained that Dr. Melo "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to accept uncritically as true most, if not all, of what the claimant reported." (Tr. 31-32). The ALJ believed there existed good reasons for questioning the

reliability of Plaintiff's subjective complaints, and that the notes from the Ozark Guidance Center indicated Plaintiff was making progress toward her goals when she was consistent with her therapy and medications. (Tr. 32). The ALJ stated that there was nothing in Plaintiff's records from Ozark Guidance to support the severe limitations that Dr. Melo cites in her letter. (Tr. 32). He concluded that to the extent her opinion was consistent with the medical evidence of record and Plaintiff's testimony, he incorporated those limitations into the Plaintiff's RFC as assessed. (Tr. 32).

The ALJ also considered and addressed the opinions given by the state agency consultants, Dr. Cristal Janssen and Dr. Bill Payne, and gave them great weight, but reduced Plaintiff's exertional level to light work, rather than medium work, as recommended by Dr. Payne. (Tr. 32). The ALJ gave Dr. Melo's opinion little weight. (Tr. 33). "A treating source's opinion is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir.2003), paraphrasing 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. See 20 C.F.R. § 404.1527(d). Lehnartz v. Barnhart, 142 Fed.Appx. 939, 940, 2005 WL 1767944, 1 (C.A.8 (Minn. (C.A.8 (Minn.),2005). House v. Astrue, 500 F.3d 741, 745 (8th Cir. 2007)(holding that a treating physician's opinion that a claimant is disabled and cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination). In this case, the ALJ gave sufficient reasons as to why he gave Dr.

Melo's opinion little weight. In addition, the Court is of the opinion that even if the ALJ had before him the letter and assessment of Dana Ilie-Stout, LCSW, it would not have changed his decision, as Ms. Stout was not an acceptable medical source, and the ALJ is to make the ultimate disability determination. The Court finds that there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the various opinions.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 12th day of September, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)